**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ORVILLE McDONALD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 4:24-cv-00361-JAR |
| | ) | |
| MISSOURI DEPARTMENT OF | ) | |
| CORRECTIONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

<u>**MEMORANDUM AND ORDER**</u>

This matter is before the Court on the Motion to Dismiss brought by Defendants the

Missouri Department of Corrections ("MDOC"), David Vandergriff, Jason Jakoubek, James Fox,

Randall Odle, Jeremiah Richardson, Kevin Eckhoff, Timothy Brown, Dennis Kirby, and Daniel

Adams (collectively, the "Defendants").  ECF No. 3.  Plaintiff Orville McDonald filed a

response.  ECF No. 6.  Defendants filed their reply.  ECF No. 8.  This matter is now fully briefed

and ripe for disposition.  For the reasons set forth below, the Court will grant Defendants'

Motion.

**Background**

<u>Relevant Facts</u>

Taken as true for the purposes of this Motion, Plaintiff alleges the following facts: From

2004 until his termination on April 18, 2023, Plaintiff was employed as a corrections officer by

Defendant MDOC at the Potosi Correctional Center ("PCC").  During his employment, Plaintiff

was assaulted by offenders, witnessed violence between inmates, and discovered dead or gravely

injured inmates.  Plaintiff's exposure to this violence caused him to develop anxiety and

depression.

On or about March 6, 2022, because of the stress he experienced working other positions at PCC, Plaintiff was assigned to work the sally port gate.  On April 7, 2022, Plaintiff complained of discrimination and harassment for being moved from the sally port gate to other posts at PCC.

On May 3, 2022, Plaintiff notified MDOC of his disabilities due to anxiety, depression, and attention deficit hyperactivity disorder and requested reasonable accommodations under the Americans with Disabilities Act ("ADA").  On May 4, 2022, MDOC approved of Plaintiff's accommodations, allowing him "to work [his] current bit post of sally port gate."  ECF No. 1-2. MDOC also wrote:

> It is my understanding that you are willing to work in housing unit 4, 5, and 6, food service, recreation, medical, education, industries, property, sally port, yard officer, or out count if needed.  In the event that you need to be pulled from your post, I am approving PCC to place you in one of the previously mentioned posts.
>
> If you believe you need additional and/or alternate accommodations, you have the right to request this at any time.

*Id.*

Between March 6, 2022, and April 18, 2023, Plaintiff repeatedly requested reasonable accommodations in his employment for his disabilities, though he does not allege what requests he made.  Plaintiff alleges he was denied employment opportunities because of his requested accommodations but does not specify what opportunities he was denied.  Plaintiff alleges that MDOC accommodates individuals with physical disabilities but does not accommodate individuals with mental disabilities, but he provides no specific information about what physical disabilities have been accommodated or what accommodations were provided.

Between December 2, 2022, and April 13, 2023, Plaintiff was removed from the sally port gate post twenty-seven (27) times.  After repeatedly complaining that MDOC was not providing him with proper accommodations, on April 18, 2023, Plaintiff was terminated from his

employment with MDOC.  Plaintiff also alleges that his disabilities were motivating and contributing factors in his firing and in Defendants' failure to accommodate is disability.  And while Plaintiff alleges that non-disabled employees who were similarly situated to Plaintiff were not subject to adverse employment actions, he does not identify these individuals, nor does he provide any information on how they were similarly situated.

Plaintiff alleges that his anxiety and depression are serious medical needs of which Defendants were aware.  Plaintiff alleges the Defendants acted with deliberate indifference to his serious medical needs by allegedly failing to provide him reasonable accommodations in employment and allegedly forcing Plaintiff to work in conditions that exacerbate his anxiety and depression.  Plaintiff also alleges that Defendants acted under the color of state law pursuant to a policy and custom of exacerbating the disabilities of their employees with anxiety and depression.

On or about July 13, 2023, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the Missouri Commission on Human Rights ("MCHR").  On December 19, 2023, the EEOC issued a right to sue letter to Plaintiff.  ECF No. 1-4.  While Plaintiff alleges that MCHR also issued him a right to sue letter, the date of such letter is not alleged, nor is the letter attached as an exhibit to the Complaint.  *See* ECF No. 1 at ¶ 34.

Plaintiff alleges that Defendants' actions have caused him to suffer loss of employment, lost wages, emotional distress, mental anguish and suffering, embarrassment, and loss of enjoyment of life for which Plaintiff requests damages and his attorney's fees and costs.

The Complaint

Plaintiff filed his Complaint on March 8, 2024.  The Complaint raises four counts against the Defendants: Count I – Violation of Title I of the ADA against Defendant MDOC; Count II – Violation of the Rehabilitation Act of 1973 against Defendant MDOC; Count III – Violation of the Missouri Human Rights Act ("MHRA") against Defendant MDOC; and Count IV – Deprivation of Rights Secured by the Eighth and Fourteenth Amendment to the United States Constitution against Defendants Vandergriff, Jakoubek, Fox, Odle, Richardson, Eckhoff, Brown, Kirby, and Adams (the "individual Defendants") under 42 U.S.C. § 1983.  The individual Defendants are sued in both their individual and official capacities.

Defendants' Motion to Dismiss

Defendants argue that Counts I, III, and Count IV should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  As to Count I, Defendants argue that (1) the Eleventh Amendment bars claims under Title I of the ADA against MDOC, and (2) even construing Plaintiff's Complaint as raising a claim under Title II of the ADA, Title II does not cover employment actions but is instead limited to discrimination in public services.

As to Count III, Defendants argue that Plaintiff's allegations are conclusory and otherwise fail to state a claim.  Specifically, Defendants argue that Plaintiff fails to adequately allege that (1) he is disabled under the MHRA, and/or (2) he is able to perform the essential functions of his job with or without a reasonable accommodation.  Defendants further argue that Plaintiff has failed to allege that his disabilities were the motivating factor of his termination or Defendants' failure to provide reasonable accommodations.

Defendants make several arguments as to why Plaintiff's Count IV should be dismissed. First, the individual Defendants argue that they are immune under the Eleventh Amendment from

claims against them in their official capacity for alleged constitutional violations under 42 U.S.C. § 1983. Second, the individual Defendants argue that Plaintiff's Count IV is redundant to his Rehabilitation Act claims and therefore should be dismissed because claims for violations of the Rehabilitation Act are not cognizable under § 1983. Third, Defendants argue that Defendants Vandergriff, Adams, and Kirby should be dismissed because Plaintiff's allegations are only brought against these Defendants in their capacity as supervisors. According to Defendants, without allegations that Vandergriff, Adams, and Kirby were personally involved in the alleged constitutional violations, claims against them in their supervisory capacity are not cognizable under § 1983. Fourth, Defendants argue that all individual Defendants are entitled to qualified immunity, requiring dismissal of the claim raised against them in their individual capacities.

Plaintiff raises several arguments in response. First, he contends that his Complaint states a claim under Title II of the ADA. He does not attempt to argue that his claim under Title I of the ADA should continue. Plaintiff also recognizes that the Eighth Circuit has not yet considered whether public employment discrimination claims can be raised under Title II of the ADA. Instead, Plaintiff relies on precedent from the Eleventh and Second Circuits that found that Title II of the ADA covers discrimination in the employment context. Plaintiff asks the Court to follow these out-of-circuit precedents to permit Plaintiff to continue with his employment claims under Title II. Plaintiff cites to *Dominguez v. City of Council Bluffs*, 974 F. Supp. 732 (S.D. Iowa 1997) for the contention that other district courts within the Eighth Circuit have permitted such claims.

Second, Plaintiff contends that he properly alleges the elements of a discrimination claim under the MHRA. In support, Plaintiff simply points to allegations in his Complaint. One of

Plaintiff's allegations used to support his argument, Paragraph 38 of the Complaint, is not part of, nor was it incorporated in, the allegations related to Count III.

Thus, Plaintiff asserts that his claim under § 1983 is not duplicative of his Rehabilitation Act claim because he alleges a separate violation of his Eighth Amendment right. Plaintiff does not indicate in which allegation or under what theory he is attempting to raise a distinct violation of an Eighth Amendment right. Plaintiff also argues that the Eighth Circuit is in conflict with other circuits regarding whether claims under § 1983 are barred when they overlap with claims under the Rehabilitation Act or other similar statutes.

Finally, Plaintiff contends that qualified immunity does not apply to the individual Defendants. He argues that he has properly pled that each individual defendant knew of Plaintiff's disability and were aware that they were discriminating against Plaintiff. He does not address the elements of qualified immunity and makes no indication as to how his allegations suffice to overcome Defendants' assertion of qualified immunity.

In their Reply, Defendants argue that only the Eleventh Circuit has found that Title II of the ADA covers claims of employment discrimination. They further argue that even if the Court were to follow the precedent of the Eleventh Circuit, Plaintiff's Title II claim still fails because MDOC is entitled to Eleventh Amendment immunity in employment discrimination cases. Defendants also argue that Plaintiff has failed allege what activities are essential functions of his job or how he can perform those functions with or without reasonable accommodations. Defendants further contend that, under 2017 amendments to the MHRA, Plaintiff is required to establish that his disability was "the" motivating factor for adverse employment actions rather than "a motivating and contributing factor" as alleged by Plaintiff. Additionally, Defendants point out that Plaintiff has raised no response to Defendants' argument that the Eleventh

Amendment bars claims against the individual Defendants in their official capacity, nor does Plaintiff fully address Defendants' argument that Vandergriff, Adams, and Kirby should be dismissed for mere supervisory actions.  Defendants reiterate their position that Plaintiff's allegations are insufficient to overcome a claim of qualified immunity.

## Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint.  A complaint must be dismissed for failure to state a claim when it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Pleadings must include sufficient factual information to provide notice of the grounds on which the claims rest and must "raise a right to relief above a speculative level." *Id.* at 555; *see also Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008).  This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id.* at 562 (citation omitted).  When considering a motion to dismiss, the Court accepts as true all factual allegations contained in the complaint and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. *Id.* at 555-56; Fed. R. Civ. P. 8(a)(2).

## Discussion

### Plaintiff's ADA Claim

The Supreme Court held in *Board of Trustees of the University of Alabama v. Garrett*, 531 U.S. 356 (2001) that States are immune from claims for money damages brought under Title I of the ADA based on the Eleventh Amendment unless the state has clearly and unequivocally

waived its immunity. *See also Tennessee v. Lane*, 541 U.S. 509, 514 (2004) ("In *Garrett*, we concluded that the Eleventh Amendment bars private suits seeking money damages for state violations of Title I of the ADA."); *Bunch v. Univ. of Ark. Bd. of Trs.*, 863 F.3d 1062, 1067 (8th Cir. 2017) ("States are immune from claims brought under [the ADA], unless the state has expressly waived immunity.") (citations omitted). Plaintiff does not challenge this established legal principle, nor does he claim that MDOC has clearly and unequivocally waived its immunity. To the extent that Plaintiff's Count I against MDOC is raised under Title I of the ADA, MDOC is immune to such a claim under the Eleventh Amendment.

Despite its label in the Complaint, Plaintiff asserts that Count I is in fact a claim under Title II of the ADA. Plaintiff's allegations cite to Title II rather than Title I, lending some credence to this argument. ECF No. 1 at 9 (citing to 42 U.S.C. §§ 12131–165 (i.e., Title II of the ADA)). Plaintiff's Complaint provides no specific reference to any portion of Title II that he claims MDOC has violated, nor does Plaintiff's response provide any additional clarification of how his claims are related to Title II. Rather, throughout the allegations in Count I, Plaintiff continues to refer to definitions from Title I of the ADA regarding employment discrimination. ECF No. 1 at ¶ 36 ("The ADA applies to MDOC because it is an 'employer' as defined by Title I of the ADA."); ¶ 37 ("At all times relevant herein, Plaintiff had a disability within the meaning of Title I of the ADA."). Nevertheless, Plaintiff now asks this Court to interpret Count I as raising a claim under Title II. For their part, Defendants argue that even if Count I is raised under Title II it should be dismissed because claims of discrimination in employment are not properly raised under Title II.

The threshold question is whether Plaintiff can bring claims of discrimination in employment under Title II of the ADA. Under Title II "no qualified individual with a disability

shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.  While the Eighth Circuit has not directly addressed this issue, the Court finds that the majority of federal circuits that have are in agreement that claims of discrimination in public employment are not properly raised under Title II. *Taylor v. City of Shreveport*, 798 F.3d 276, 282 (5th Cir. 2015) ("Unlike Title I of the ADA, Title II does not create a cause of action for employment discrimination."); *Reyazuddin v. Montgomery Cnty.*, 789 F.3d 407, 421 (4th Cir. 2015) ("Based on the text and structure of Title II of the ADA, we agree with the majority of circuits to have considered the question that Title II unambiguously does not provide a vehicle for public employment discrimination claims."); *Brumfield v. City of Chicago*, 735 F.3d 619, 622 (6th Cir. 2013) ("We join the Ninth and Tenth Circuits and hold that Title II of the ADA does not cover disability discrimination in public employment; this kind of claim must be brought under Title I."); *Mary Jo C. v. N.Y. State and Local Retirement Sys.*, 707 F.3d 144, 171 (2d Cir. 2013) ("[W]e conclude that the [ADA] unambiguously limits employment discrimination claims to Title I.  A public employee may not bring a Title II claim against his or her employer, at least when the defendant employer employs fifteen or more employees."); *Elwell v. Oklahoma ex rel. Bd. of Regents of Univ. of Okla.*, 693 F.3d 1303, 1316 (10th Cir. 2012), *cert. denied*, 568 U.S. 1159 (2013) ("Title II does not contain an independent cause of action for employment discrimination . . . ."); *Zimmerman v. Or. Dep't of Justice*, 170 F.3d 1169, 1178 (9th Cir. 1999) ("[W]hen viewed as a whole, the text, context and structure of the ADA show unambiguously that Congress did not intend for Title II to apply to employment."); *but see Bledsoe v. Palm Beach Cnty. Soil and Water Conservation Dep't*, 133 F.3d 816, 820 (11th Cir. 1998) ("Title II of the ADA does encompass public employment discrimination.").  Other district

courts within the Eighth Circuit have recently recognized and followed the majority view when dismissing cases alleging discrimination in public employment under Title II. *See Lammers v. Nebraska*, No. 7:21CV5012, 2022 WL 228246, at *2 (D. Neb. Jan. 26, 2022); *Dutcher v. Dep't of Corrections*, No. 4:18CV3144, 2019 WL 4143895 (D. Neb. Aug. 15, 2019), *report and recommendation adopted*, No. 4:18-CV3144, 2019 WL 4140841 (D. Neb. Aug. 30, 2019); *Jones v. McGowan*, No. 4:18-CV-00831, 2019 WL 145822 (E.D. Ark. Mar. 29, 2019).

Plaintiff's cited authority on this issue is unconvincing. His only cited authority from within this circuit, *Dominguez v. City of Council Bluffs*, 974 F. Supp. 732, 736 (S.D. Iowa 1997), is a nearly three-decades old, and it predates all of the cases cited above that have rejected Plaintiff's position. The Court agrees with the majority view and finds that Title II of the ADA does not apply to claims of discrimination in public employment. The Court will therefore grant Defendants' Motion to Dismiss as to Plaintiff's Count I for failure to state a claim.

Plaintiff's MHRA Claim

The MHRA makes it unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . disability[.]" Mo. Rev. Stat. § 213.055. "[A]s it relates to the adverse decision or action" "[b]ecause" or "because of" means "the protected criterion was the motivating factor." Mo. Rev. Stat. § 213.010(2). "The motivating factor" means that "the employee's protected classification actually played a role in the adverse action or decision and had a determinative influence on the adverse decision or action." *Id.* at § 213.010(19). A protected "disability" is "a physical or mental impairment which substantially limits one or more of a person's major life activities, being regarded as

having such an impairment, or a record of having such an impairment, which with or without reasonable accommodation does not interfere with performing the job . . . ." *Id.* at § 213.010(5).

"For disability discrimination, a prima facie case requires the plaintiff to demonstrate: '(1) [he] was disabled, (2) [he] was discharged, and (3) [his] disability was the motiving factor in [his] discharge.'" *Johnson v. Midwest Division - RBH, LLC*, 88 F.4th 731, 737 (8th Cir. 2023) (quoting *Ashby v. Woodridge of Mo., Inc.*, 673 S.W.3d 537, 544 (Mo. Ct. App. 2023)).  To establish that he is disabled, Plaintiff must show that he has, was regarded as having, or had a record of having, "an impairment that substantially limits a major life activity and that, with or without reasonable accommodation, the impairment does not interfere with performing the essential functions of [his] job." *Ashby*, 673 S.W.3d at 544 (citations omitted).  While an "employer has an affirmative duty to reasonably accommodate an employee's [disability,] the burden is on the employee to establish that with reasonable accommodation he could perform this job." *Johnson*, 88 F.4th at 737 (quoting *Medley v. Valentine Record Commc'ns, Inc.*, 173 S.W.3d 315, 321 (Mo. Ct. App. 2005)).

Here, Plaintiff has failed to adequately allege the elements of a disability discrimination claim under the MHRA.  Plaintiff has alleged that he suffers from anxiety and depression.  He makes no further factual allegations regarding how his anxiety and depression substantially limit a major life activity, as the MHRA requires.  Rather, Plaintiff only offers the conclusory allegation that he "had a disability within the meaning of the MHRA."  ECF No. 1 at ¶ 59.  But conclusory allegations are insufficient to survive a motion to dismiss.  *Twombly*, 550 U.S. at 555.

Plaintiff has also not alleged whether he can perform the essential functions of his job with a reasonable accommodation.  He asserts no factual allegations regarding his job duties as a corrections officer, nor does he allege whether he is able to perform these duties with a

11

reasonable accommodation.  Plaintiff has similarly only provided conclusory allegations that his disabilities were the motivating factor of the alleged adverse employment actions.  Without factual allegations establishing the elements of disability discrimination under the MHRA, Plaintiff's Count III fails to state a claim.  For this reason, the Court will dismiss Count III.

<u>Plaintiff's § 1983 Claims</u>

Section 1983 provides a federal cause of action for plaintiffs to sue officials acting under color of state law for alleged deprivations of "'rights, privileges, or immunities secured by the Constitution and laws' of the United States" *Alsbrook v. City of Maumelle,* 184 F.3d 999, 1010 (8th Cir. 1999) (en banc) (quoting 42 U.S.C.§ 1983).  Plaintiff raises a § 1983 claim against the individual Defendants in both their official and individual capacities.

The individual Defendants have sovereign immunity from § 1983 claims brought against them in their official capacities.  "[A] section 1983 suit cannot be brought against the State." *Alsbrook*, 184 F.3d 999, 1010 (8th Cir. 1999).  Because the individual Defendants are state officials, they are entitled to the same immunity against suit under § 1983 as the State. *Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("Suits against state officials in their official capacity . . . should be treated as suits against the State.") .  Plaintiff makes no attempt to argue that Eleventh Amendment immunity is somehow inapplicable here.  Therefore, the Court finds that Plaintiff's Count IV against the individual Defendants as sued in their official capacity must be dismissed.

"[Q]ualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Estate of Nash v. Folsom*, 92 F.4th 746, 753–54 (8th Cir. 2024) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)).  In resolving a qualified immunity defense, the court must "decide whether the facts that a plaintiff has shown

make out a violation of a constitutional right" and "must decide whether the right at issue was clearly established at the time of the defendant's alleged misconduct." *Id.* at 754 (cleaned up). "A right is 'clearly established' when its contours are sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" *Ryno v. City of Waynesville*, 58 F.4th 995, 1004 (8th Cir. 2023) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). At the motion to dismiss stage, a defendant must show that immunity is established "on the face of the complaint." *Dollar Loan Ctr. of S.D., LLC v. Afdahl*, 933 F.3d 1019, 1024 (8th Cir. 2019) (citation omitted).

Here, Plaintiff has failed to establish that failing to provide reasonable accommodations in employment or firing a disabled state employee are violations of the Eighth Amendment, let alone that such rights were clearly established at the time of the alleged adverse employment actions. The basis of Plaintiff's Eighth Amendment claim is not entirely clear from the Complaint, nor does Plaintiff clarify this basis in his response. The Court interprets Plaintiff's claim as one for deliberate indifference of a serious medical need. *See* ECF No. 1 at ¶¶ 67–71 (alleging that Plaintiff has a serious medical need, that Defendants were aware of this medical need, and that "Defendants acted with deliberate indifference to Plaintiff's medical needs . . ."). Even so, claims of deliberate indifference generally—if not always—relate to the treatment of prisoners or pre-trial detainees by state employees or others acting under color of law. The Court has not found—and Plaintiff has not cited to—a single example of any court recognizing an Eighth Amendment deliberate indifference claim raised by a non-incarcerated individual against state employees. On its face, the Eighth Amendment does not appear related to employment at all. Therefore, Plaintiff has not established that a reasonable person would have known that he was violating Plaintiff's Eighth or Fourteenth Amendment rights by firing Plaintiff or otherwise

failing to provide Plaintiff with reasonable accommodations in employment.  The Court must find that the individual Defendants are entitled to qualified immunity and Count IV against these Defendants will be dismissed for failure to state a claim.

**Conclusion**

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss is **GRANTED**.  ECF No. 3.  Counts I and III of Plaintiff's Complaint against Defendant the Missouri Department of Corrections and Count IV against Defendants David Vandergriff, Jason Jakoubek, James Fox, Randall Odle, Jeremiah Richardson, Kevin Eckhoff, Timothy Brown, Dennis Kirby, and Daniel Adams, in their individual and official capacities, are **DISMISSED without prejudice** under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

Dated this 29th day of July, 2024.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE