UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ORVILLE McDONALD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )  Case No. 4:24-cv-00361-JAR |
| MISSOURI DEPARTMENT OF CORRECTIONS, | ) ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant the Missouri Department of Corrections' ("MDOC") motion to dismiss Plaintiff's Count II.  ECF No. 27.  Plaintiff Orville McDonald filed a response.  ECF No. 33.  Defendant did not file a reply, and its time to do so has passed.  This matter is now fully briefed and ripe for disposition.  For the reasons set forth below, the Court will grant Defendant's motion and dismiss Plaintiff's Count II without prejudice.

**Background**

Plaintiff first filed this case in this Court on March 8, 2024.  ECF No. 1.  Plaintiff's initial Complaint raised four counts against Defendant MDOC and several other individual Defendants.  Plaintiff's claims arose out of his alleged discrimination in employment he experienced while employed at the Potosi Correctional Center.  On July 29, 2024, the Court granted the Defendants' motion to dismiss Counts I, III, and IV against Defendant MDOC and the individual Defendants.  ECF Nos. 12 and 14.

On December 23, 2024, Plaintiff filed an Amended Complaint.  ECF No. 25.  Plaintiff's Amended Complaint raises two counts against Defendant MDOC: Count I for violation of the Rehabilitation Act of 1973; and Count II for violation of the Missouri Human Rights Act

("MHRA"). For the purposes of deciding this motion, the Court need not recite the facts that Plaintiff has alleged in his Amended Complaint.

MDOC seeks dismissal of Plaintiff's Count II under Federal Rule of Civil Procedure 12(b)(6). MDOC argues that Plaintiff is barred from raising a claim under the MHRA because Plaintiff has failed to attach a right to sue letter from the Missouri Counsel on Human Rights ("MCHR") to his Amended Complaint. MDOC alternatively argues that Plaintiff has failed to state a claim under the MHRA because he fails to plead facts sufficient to establish that he is disabled under the MHRA

Plaintiff admits that dismissal of Count II is proper because Plaintiff has failed to attach a right to sue letter and he does not have one to attach. Plaintiff further admits that, because he lacks a right to sue letter, Defendant's additional arguments set forth in motion are moot. Plaintiff then goes on to argue that he has properly pleaded facts establishing that he is disabled under the MHRA.

**Legal Standard**

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. A complaint must be dismissed for failure to state a claim when it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Pleadings must include sufficient factual information to provide notice of the grounds on which the claims rest and must "raise a right to relief above a speculative level." *Id.* at 555; *see also Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the

material elements necessary to sustain recovery under some viable legal theory." *Id.* at 562 (citation omitted). When considering a motion to dismiss, the Court accepts as true all factual allegations contained in the complaint and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. *Id.* at 555-56; Fed. R. Civ. P. 8(a)(2).

## Discussion

The Eighth Circuit has recognized that "Missouri law requires plaintiffs to exhaust their administrative remedies prior to brining MHRA claims." *Hanson v. Union Pac. R.R. Co.*, 3 F.4th 1075, 1080 (8th Cir. 2021) (citing Mo. Rev. Stat. § 213.075.1); *see also* Mo. Rev. Stat. § 213.111.1 (setting forth exhaustion requirements, including the requirement that "[a]ny action brought in court under this section shall be filed within ninety days from the date of the [MCHR]'s" issuance of the right to sue letter). "Only after a plaintiff receives a right-to-sue letter from the MCHR may he file an MHRA claim." *Hughes v. T-Mobile USA, Inc.*, No. 4:24-cv-442-SEP, 2025 WL 48419, at *2 (E.D. Mo. Jan. 8, 2025) (quoting *Busch v. AppleCare Serv. Co.*, No. 4:23-cv-1668-CDP, 2024 WL 2048861, at *4 (E.D. Mo. May 8, 2024)). Plaintiff does not dispute that his failure to obtain a right to sue letter from the MCHR means that he cannot maintain his claim under the MHRA in Count II. The Court agrees and will therefore dismiss Plaintiff's Count II.

## Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Defendant the Missouri Department of Corrections' motion to dismiss is **GRANTED**.  ECF No. 27.  Plaintiff's Count II in his Amended Complaint will be **DISMISSED without prejudice**.

A separate Order of Partial Dismissal shall accompany this Order.

Dated this 5th day of March, 2025.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE